

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 20, 1940

Honorable B. M. Whiteacre
County Auditor, Grayson County
Sherman, Texas

Dear Sir:

Opinion No. O-1840
Re: Can the county recover under
the official bond of the tax
assessor-collector when it
is shown that such assessor-
collector has not used due
diligence in the collection
of delinquent taxes? What
are the duties of the tax
assessor-collector with
reference to the collection
of delinquent taxes?

This will acknowledge receipt of your letter bearing date, March 11, 1940, requesting the opinion of this Department on the above stated questions.

Under Article 7247 and 7249 Vernon's Civil Annotated Statutes, within twenty days after his appointment and election, the assessor-collector is required to give bond to the state and to the county judge (in the amount and with the sureties as set forth) conditioned "for the faithful performance of the duties of his office as assessor and collector of taxes for and during the full time for which he was elected or appointed."

We quote from Texas Jurisprudence, Vol. 40, pages 321 and 322 as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable B. M. Whiteacre, March 20, 1940, Page 2

"As already mentioned (Section 237), the bond
of the collector is conditioned 'for the faithful
performance of the duties of his office as collector
of taxes for and during the full term for which he
was elected or appointed.'

"The sureties are therefor liable for all
taxes collected and for which it is the collector's
duty to account to the state or county treasury,
regardless of whether the collector claims that
the money was rightfully retainable by him as fees
of office or whether he embezzled it.

"Indeed, it has been said that it is the col-
lector's duty to account (and that his sureties are
liable on the bond if he should fail to do so) in
any event except where loss has been sustained by
act of God or the public enemy. . ."

We quote from Texas Jurisprudence Vol. 34, pages 570
and 571 as follows:

"There can be no liability on the part of the
sureties of an officer's bond without default on
the part of the principle in regard to the duties
which they have contracted that he shall discharge.
To render them liable, the act complained of must
be a violation of the conditions of the bond.
Their liability is strictissimy juris; it can not
be extended by implication or construction beyond
the terms of their contracts; and they must be
given the benefit of any doubt as to the meaning of
the terms of the bond . . ."

We are unable to find any authority authorizing the
county to recover on official bond of the tax assessor-col-
lector when such assessor-collector does not use due diligence
in the collection of delinquent taxes. Therefore, your first
question is respectfully answered in the negative.

Honorable B. M. Whiteacre, March 20, 1940, Page 3


With reference to your second question regarding the duties of the tax assessor-collector with reference to the collection of delinquent taxes, the duties of the tax assessor-collector in connection with the collection of delinquent taxes are so numerous and the question as submitted is so general that we cannot definitely answer this question. However, should you desire to submit to this department a definite or any specific question, we will be glad to give such request our most careful consideration.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Willia...*

Ardell Williams
Assistant

AW:ew

APPROVED MAR 23, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN